## BROTHERSON and others *vs.* JONES.

Although the presumption, arising from lapse of time, of payment on a contract and of a deed having been accordingly given is, strictly speaking, a question for the jury, yet where the weight of evidence is so decisive that, had the jury found against it, a new trial would have been granted, the judge at trial may direct the jury to presume that the deed had been given.

EJECTMENT for lot of land, B., in lot No. 1 in great lot 5 in 5th allotment of Kayderson's patent. The plaintiffs are the heirs of Peter R. Kissane, and claimed to recover through him. There was no question made as to his title; he died in

June, 1799, leaving a widow and two daughters, Catherine, the mother of some of the plaintiffs, and Esther, the mother of the others.   They are both dead.

Noah Taylor went into possession of lot B., the premises in question, under a contract of purchase from Palmer as agent of Kissane, dated 6th January, 1790.   The lot contained 87½ acres, and was sold at 26 shillings per acre, in all £113.13s : £3 paid down, and £34.8s to be paid 1st May then next ; Taylor was then to receive a deed and give back a bond and mortgage for balance, £75.17s.   This contract was read from a book kept by the agent and which was signed by Taylor ; the book contained, under date of December 5, 1790, a credit of £4, and of September, 1791, a credit of £16.

In January, 1800, Taylor called on the widow, and claimed that he was entitled to a deed.   Mrs. Kissane told him there was no one authorized to give a deed, but that there would be soon.   He said he was ready to comply with the contract if he could get a title ; and it was not pretended by her, but that he had, and was entitled to the deed.   Jones, the defendant, succeeded to the possession and occupation of the lot soon after this, and has occupied and improved it ever since.   There are large and valuable erections upon the premises, built by him, some of them forty years ago.

It appeared that by an act of the legislature, passed 8th April, 1800, the real estate of which P. R. Kissane died seized was vested in the widow and his two brothers, in trust to sell, &c., to support and educate the children, and that the same was repealed in 1806.

Peter R. Kissane owned several other lots in the fifth allotment, and there was evidence of a purchase by the defendant of one of them from the trustees at $7 per acre ; that the widow had signed the deed, but the two other trustees had refused, whereupon the defendant declined paying further.   These facts appeared from conversations between him and the widow and the father of some of the heirs, which had occurred from 1802 to 1808, and once in 1825.

When the plaintiff rested, the counsel for defendant moved for a nonsuit on the grounds, 1. That a deed should be pre-

Brotherson v. Jones.

sumed ; 2. That plaintiffs had not made out a prima facie right to recover, and 3. Adverse possession. Which motion was granted, and plaintiffs now move on a bill of exceptions for a new trial.

*By the Court*, NELSON, Ch. J. This suit was commenced in July term, 1840, and from the year 1800 down to the commencement, there is no proof of any claim or demand upon the defendant for the balance of the purchase money, said to be due upon the contract of purchase at that date— an interval of some forty years—during all which time, it is not denied that he was abundantly able to pay it. The conversations detailed in the case by which it was sought to prove an admission of non-payment during this period of time, clearly refer to a different purchase, and have no bearing upon the premises in question, except it is somewhat remarkable that while the widow and her son-in-law, Mr. Brotherson, made application for money several times in respect to this other purchase, nothing was ever claimed as remaining due upon the one in question.

It seems to me the presumption of payment and conveyance in pursuance of the contract is inevitable ; and although, strictly, the inference is one to be drawn by the jury, yet where the weight of the proof is so decisive as in this case, that if the jury had found against it we should have felt bound to grant a new trial, such a disposition as was made at the circuit may be upheld.

New trial denied.